UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRIS RYDER,

        Plaintiff(s),

  v.

KATRINA M. HAGEN,

        Defendant(s).

NO. C10-1002MJP

ORDER ON MOTIONS AND DISMISSAL FOR LACK OF PERSONAL JURISDICTION

The above-entitled Court, having received and reviewed

1. Motion to Dismiss (Dkt. No. 7), Plaintiff's Response (Dkt. No. 12), Defendant's Reply (Dkt. No. 13), and Plaintiff's Surreply (Dkt. No. 15);

2. Plaintiff's Motion for Extension of Time to Reply to Defendant's Motion to Dismiss (Dkt. No. 10), and Defendant's Response (Dkt. No. 11);

3. Motion to Dismiss Amended Complaint (Dkt. No. 16); and

4. Plaintiff's Motion for Change of Venue (Dkt. No. 18), and Defendant's Response (Dkt. No. 19);

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that this matter is DISMISSED for lack of personal jurisdiction.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Amended Complaint, Plaintiff's Motion for Extension of Time and Plaintiff's Motion for Change of Venue are STRICKEN as MOOT.

Plaintiff filed a complaint in this district, alleging defamation and a variety of other claims against Defendant related to their teacher-student relationship at Harvard University. Despite the fact that Plaintiff served Defendant in Massachusetts, he has maintained that the matter is properly before

**ORDER OF DISMISSAL - 1**

1  this Court. In truth, the facts establish that, under either a general or specific theory of personal

2  jurisdiction, Defendant cannot be subjected to the jurisdiction of this Court in this matter.

3  General jurisdiction would require that Defendant's actions and connections with this forum

4  are such that it would be reasonable for her to anticipate being brought into court here. World-Wide

5  Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). By sworn affidavit, Defendant has

6  established that she resides in Massachusetts, is registered to vote there, pays taxes there and receives

7  her mail there. Affidavit of Katrina Hagen, Dkt. No. 17. Although she apparently is from

8  Washington originally, she no longer has the "continuous and systematic" contacts with this state

9  which would support general personal jurisdiction over her. Gates Learjet Corp. v. Jensen, 743 F.2d

10  1325, 1331 (9th Cir. 1984).

11  Specific personal jurisdiction would require not only that the claim arise out of Defendant's

12  activities within this forum, but that Plaintiff have some proof that Defendant has done something

13  within this forum by which she "personally availed [herself] of the privilege of conducting activities

14  in the forum, thereby invoking the benefits and protections of its laws." Doe v. Unocal Corp., 248

15  F.3d 915, 923-24 (9th Cir. 2001). Nothing in Plaintiff's allegations against this defendant suggests

16  that his claim against her arises out of any activities within this forum or out of contacts between

17  Defendant and the State of Washington.

18  Furthermore, the exercise of personal jurisdiction over Defendant under these circumstances

19  would "offend 'traditional notions of fair play and substantial justice,'" rendering it further

20  inappropriate. Asahi Metal Industry Co., Ltd. v. Sup. Ct. of California, 480 U.S. 102, 113 (1987)

21  (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)). The burden on Defendant of litigating

22  3000 miles from her home, the lack of any interest in this forum in adjudicating the dispute and the

23  absence any proof of judicial efficiency or economy presented by permitting the matter to go forward

24  here all militate strongly against exercising personal jurisdiction over Defendant. To do so would be

25  unreasonable and unconstitutional.

26  **ORDER OF DISMISSAL - 2**

1    Additionally, the Court finds that further amendment of Plaintiff's complaint would be futile
2 – the jurisdictional defect is not one that can be cured and therefore permission to amend will not be
3 forthcoming.
4    Therefore, the Court grants Defendant's motion to dismiss for lack of personal jurisdiction
5 (while declining Defendant's invitation to dismiss the matter for failure to state a claim) and strikes
6 as moot the motions pending before this Court in this matter which were unrelated to the personal
7 jurisdiction claim.

9    The clerk is ordered to provide copies of this order to the parties and counsel.
10   Dated: September _27_, 2010

Marsha J. Pechman
U.S. District Judge

**ORDER OF DISMISSAL - 3**